[No. 4581.]

JOHN W. STEWART, EXECUTOR OF THE WILL OF B. F. MOULTON, DECEASED, v. J. H. NEVINS AND H. K. MOORE.

WHEN EQUITY WILL NOT DECREE A CONVEYANCE OF LAND.—M. sold to H. a tract of land in a city, divided into lots, and was to receive ninety thousand dollars therefor, together with one-half of the profits over ninety thousand dollars which H. might receive from a sale of the lots. The agreement was in writing, which recited that the legal title to the lots was outstanding in S., and H. was to purchase it from S. M. afterwards assigned this contract to Moore, as security for his debt to Smith, and also conveyed the land to Moore, to be held by Moore in trust, subject to the agreement with H. M. died leaving a will, and after his death, Moore, out of money belonging to the estate, paid S. and obtained his deed for a part of the lots, and H. and Moore then conveyed these lots to N. *Held,* that the executor of the will of M. could not maintain an action for a reconveyance, to the estate, of the lots sold to N., but must sue H. and Moore for an accounting, and that, in a proper case, the balance due the estate might be decreed to be a lien on the lots sold N.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The complaint alleged that B. F. Moulton, in 1864, made his promissory notes to J. H. Nevins for $1750. That on the 14th of August, 1868, Moulton entered into a written agreement with Holmes, in which it was recited that Holmes had bought of Moulton, Mission block No. 73, and the north half of Mission block No. 74 (less thirteen lots previously sold), for $90,000, of which $43,526.50 had been paid; and that the title of W. H. Seaton to the north half of block 74 was outstanding and to be purchased, and that Holmes cov-

enanted to purchase it, the amount paid for it to go in part satisfaction of the sum due, and that Holmes was to pay Moulton over and above the $90,000 one-half that he realized from the sales of lots over the $90,000.   That Holmes held said lots in trust for the estate of Moulton by virtue of the agreement.   That Moulton, before his death, assigned the contract with Holmes to H. K. Moore, and also deeded the land to Moore in trust for Moulton and his heirs.   That Moulton afterwards, and on the 24th of April, 1869, died, leaving a will, in which the plaintiff was named executor. That Nevins did not present her notes for allowance as claims against the estate, but that Moore, pretending to act as trustee of Moulton in relation to the land, procured the title to a portion of it from Seaton by paying him what Moulton owed him, and that Moore and Holmes then conveyed it to Nevins in payment of her debt, and that Nevins knew that Moore and Holmes only held the land in trust for the estate.   That Moore paid Seaton out of money in his hands belonging to the estate, and that Seaton held the title as security for money loaned.   There was a prayer that Nevins be decreed to convey the land to the executor.   The defendants demurred to the complaint, but the court overruled the demurrer.   The court found that Nevins held the notes as alleged; that they were not presented for allowance; that Moulton, on the 20th of October, 1868, assigned the contract with Holmes to Moore as security for the sum of $8000, which Moulton owed Smith; that Moulton, on the 19th of April, 1869, deeded the land to Moore, to be held by Moore in trust for him; that Moore took the land subject to the agreement with Holmes, and subject to the mortgage held by Seaton; that Moore undertook to pay the Nevins notes, and procured Holmes to sign a deed with himself to Nevins of some of the lots, and afterwards, out of money in his hands belonging to the estate of Moulton, paid Seaton what was his due on the lots, and obtained Seaton's deed, and then conveyed to Nevins the title which he acquired by it, and Nevins, in consideration thereof, delivered to Moore the Moulton notes; that Nevins knew when she obtained the deed that Moore and Holmes held the land in trust, and

that the estate of Moulton was insolvent. The action was commenced on the 31st of October, 1872. The court decreed that the defendant Nevins convey the land to the executor, and she appealed.

The other facts are stated in the opinion.

*J. M. Seawell,* for the Appellant.

It appears by the express language of the agreement that Moulton sold and Holmes purchased the land, and that Holmes had paid to Moulton, on account of the purchase, the sum of $43,526.50. The relation created between them was that of buyer and seller.

If such was the legal relation of the parties, then in equity Holmes became the owner of the land sold, and Moulton was entitled to the purchase-money, according to the agreement. (1 Sugden on Vendors, 211, 171; Fry on Specific Performance, \*377, Sec. 889.)

Moulton agreed to take payment out of the proceeds of sales. It was therefore necessary that sales should be made. The purchaser from Holmes took the land free from any lien of Moulton, and Holmes was bound to apply the proceeds of sale as provided in the agreement. The failure of Holmes to pay to Moulton would not affect purchasers from Holmes. (*Holladay* v. *Frisbie*, 15 Cal. 635, and authorities cited.)

By the terms of the agreement between Holmes and Moulton, the purchase of the Seaton title was to be at Moulton's expense. Although in the agreement Holmes agrees to buy it, yet Holmes was to be credited on the balance of the purchase-money with the amount which he might have to pay therefor. As soon, therefore, as the Seaton title was acquired by Moore with the funds of Moulton, Moore was in equity bound to convey the same to Holmes.

*Barstow, Stetson & Houghton,* for the Respondent, argued that the agreement between Holmes and Moulton created a trust.

By the Court, WALLACE, C. J.:

At the time of his death the testator had neither a legal nor an equitable estate in the premises in controversy. Indeed, it does not appear that he ever owned these lots, or either of them, nor any part of Mission block 74, in which these lots are located. The complaint alleges that one Seaton held the legal title to the lots as security for a debt due to him from the testator. If the title of Seaton, held as a mere security, is to be denominated in this proceeding as the legal title, it is not alleged in the complaint that he derived it from the testator, and it may as readily be inferred that Seaton obtained it from a stranger as from the testator, especially in view of the language of the "articles of agreement" between the testator and Holmes, annexed to the complaint, in which agreement Holmes covenants that he will "purchase the title of said William H. Seaton," for the benefit of the testator and himself. But, however this may be, it is apparent that the conveyance made by the testator a few days before his death to Moore, and the contract previously entered into with Holmes, left the testator no interest except an interest in the moneys for which the lands were to be sold, under the contract with Holmes. The precise sum to which the testator would be entitled, could only be ascertained upon an accounting and settlement, first had with Moore and with Holmes. This overplus, should there be one, belongs to the estate of the testator, and the executor is entitled to an accounting concerning it. But the executor is not entitled to a reconveyance of these lots; certainly not, unless the conveyance to Moore and the contract with Holmes are first set aside. As observed already, the executor is entitled to an accounting with Moore and with Holmes' concerning the sums realized, or which might have been realized, by the sale of these lands, and to a decree against one or both of them for any balance appearing to be due, and in a proper case the balance ascertained to be due from Holmes and Moore, or some part of it, might, as between Mrs. Nevins and the estate of Moulton, be decreed to be a lien on these lots.

The judgment of the court below directing a reconveyance of the lots in controversy to the executor of Moulton, is erroneous, and must be reversed, and the cause remanded, and it is so ordered, with directions to sustain the demurrer to the third amended complaint.