[No. 13180.   Department One. — November 29, 1889.]
JOHN   W.   GREEN,   RESPONDENT,   v.   J.   MARION
BROOKS   ET AL.,   APPEL: ANTS.

TRUST — CONSIDERATION — INFORMATION AS TO LOCATION OF DEPOT — PUB-
LIC POLICY. — A written agreement that one party shall purchase a tract
of land, and that another party shall share in the profits of the land, and
allow the purchaser ten per cent upon his advances, which agreement is
based upon the consideration of information to be given as to the loca-
tion of a railroad depot making the investment profitable, creates a trust
in the land in favor of the party furnishing the information, is founded
upon a sufficient consideration, and is not void as against public policy,
if it does not appear that any rights of the railroad company were af-
fected by the giving of such information, or that it was obtained through
a relation to them of trust or confidence, or given in violation of such
trust or confidence.

ID. — RIGHT TO ACCOUNTING — FRAUD — AMOUNT OF PROFITS — PLEADING.
— The right of the beneficiary of a trust to enforce an accounting from
the trustee does not rest upon fraud, and no such allegation is necessary
in the complaint; nor is it necessary to allege that such an amount has
been realized by the trustee as to entitle the beneficiary to a share of the
profits, as he has a right to know how much has been realized and ex-
pended, so as to determine whether he is entitled to any payment.   The
fact that no amount is due cannot affect the right to an accounting, when
the trustee has denied the trust.

APPEAL from a judgment of the Superior Court of Los
Angeles County.

The facts are stated in the opinion of the court.

*Frederic Hall*, for Appellants.

*Charles   W.   Eldridge*, and . *C.   C.   Stephens*, for Re
spondent.

WORKS, J.—This is an action to declare a trust, and for
an accounting.  The parties to this action entered into
the following contract:—

"June 27, 1887.

"It is agreed that J. Marion Brooks purchase what is
known as the Philbin tract of land, in the city of Los
Angeles, containing 31 65-100 acres.

"That T. J. Cuddy is to receive 25 per cent of the net

profits on said tract, and that John W. Green receive ⅓ (one third) of the net profits on said tract, and that J. Marion Brooks is to receive ⅔ (two thirds) of the net profits on said tract.

"That said Brooks be allowed ten (10) per cent on all moneys he may advance in purchase of said lands, and it shall be charged up as expenses in purchase thereof. Said Brooks to contribute to said Cuddy 16⅔ per cent commission, and J. W. Green contribute 8⅓ per cent, being their respective proportion to the commission, 25 per cent, allowed said Cuddy.

> "(Signed) J. MARION BROOKS.
> "(Signed) JOHN W. GREEN.
> "(Signed) T. J. CUDDY."

It is alleged in the complaint that the consideration for said contract was that plaintiff should disclose to said Brooks and Cuddy information in advance of the knowledge by defendants and others of the fact of the place in the city of Los Angeles, state of California, of the intended location of the new passenger depot of the Southern Pacific Railroad Company; that said Cuddy should, in advance of the knowledge of that fact by others in said city, use his skill in selecting a desirable tract of land in the vicinity of said intended depot, and negotiating the sale of the same to defendant Brooks; that said Brooks should thereupon purchase the tract to be by said Cuddy selected, and also in consideration of the obligations and interests assumed and arising from the terms of the agreement above set forth.

It is further alleged that the plaintiff did disclose the location of said depot-grounds as agreed upon, and that the same was located at the place designated; that Brooks purchased a certain tract of land near said location, as agreed in said contract, for the sum of one hundred and twenty-five thousand dollars, and received a deed therefor; that the land so purchased increased largely in value; that he subdivided the tract into blocks and lots, and

sold lots to the amount of one hundred thousand dollars; that there remained unsold about two thirds of the property, of the value of two hundred thousand dollars; that an account of his management of the trust had been demanded of said Brooks, but had been refused. It is also alleged that Cuddy had refused to join as a plaintiff, and he had, for that reason, been made a defendant.

The prayer of the complaint was that Brooks be declared a trustee for the plaintiff, to the extent of one third of the property and its proceeds, and that he be required to account.

There were some pleadings on the part of some other defendants who had become purchasers of a part of the land, but they are not appealing, and their connection with the case need not be further noticed.

There was a demurrer to the complaint by Brooks, which was overruled. He answered by denying his purchase and the making of a deed to him on the date alleged, averring that the same occurred at a later day; and as an affirmative defense, alleged that after the making of the contract, and before the bringing of the action, it was agreed by and between the plaintiff and the defendants Brooks and Cuddy, that said contract should be waived, abandoned, and rescinded, and that they then waived, abandoned, and rescinded the same accordingly.

The court found in favor of the plaintiff, and entered an interlocutory order for an accounting to be taken before a court commissioner. The account was taken, showing the moneys expended in purchasing the land and for expenses, the amount realized from sales of lands, and the quantity and value of lands remaining in the hands of the defendant undisposed of. Final judgment was thereupon rendered, confirming the report of the commissioner, except as to certain expenses which were allowed the defendant, not allowed in said report, and disallowing others, declaring the trust in the defendant

Brooks, and decreeing that the plaintiff was entitled to an accounting from time to time at reasonable intervals. The account taken showed that the defendant had not yet realized sufficient from sales made to repay him the amount paid by him for the land and for expenses in making sales.    There was no personal judgment against him, except for costs.

The appeal is by Brooks alone on the judgment roll.

It is contended by the appellant that the demurrer to the complaint should have been sustained, because the writing sued on did not amount to a contract, did not bind any one, except the appellant, to do anything, and therefore his promise was without consideration.    We think otherwise.

The respondent was possessed of certain information which might enable the appellant to so invest his money as to realize large profits, and agreed to disclose such information for a share of such profits, and agreed, also, to pay the appellant out of the proceeds of sales ten per cent on the amount of money invested by him.    This was a sufficient consideration to uphold the promise of the appellant, and having received the information agreed to be furnished, and realized upon it, he cannot be allowed to repudiate his promise; that he did receive the information, and that it was valuable and enabled him to profit largely by his purchase, is not denied.

It is further contended that the contract was void, as against public policy, for the reason that it was founded on the promise of the respondent to disclose a secret of the railroad company as to the place where it intended to locate its depot.    This defense, if well founded, comes with a very poor grace from the appellant, who was a party to the transaction, and agreed to pay the respondent largely for what he now claims to have been a fraudulent and wrongful act.    But there is nothing in the point made.    There is nothing to show that the respondent obtained his information by reason of any relation

of trust or confidence he bore to the railroad company, or that the company had any interest in the land to be sold which would be affected by the disclosure, or even that the matter was kept, or attempted to be kept, secret by the railroad company. Therefore no confidence was violated by the respondent, nor was there any matter disclosed that was or could be against public policy. Counsel cite numerous authorities in support of this contention, but for the reasons stated none of them are in point.

It is also claimed that the respondent had no interest in the real estate, but only a right to share in the profits. In support of this position the case of *Stewart* v. *Nevins*, 50 Cal. 276, is cited as decisive of the question. The case differs materially from the one under consideration. There the party attempting to enforce the trust had sold the land in controversy to the defendant for a fixed amount, and for a certain share of the profits realized over and above a certain sum. The title was conveyed, and the only right of the vendee was to recover his purchase-money. The fact that a part of the consideration to be received by him was contingent upon the realization of profits by a resale could not give him any interest in the land. But here the plaintiff was in effect one of the purchasers of the land. Suppose he had furnished one third of the purchase-money, or had agreed to render certain services for the interest he claims, could it be claimed that he had no interest in the land? If he furnished such information as enabled the appellant to buy it for their joint benefit for one third less than its real value, or whereby that much greater profit could be realized to both, the result to the appellant was the same in effect, and in equity the respondent must be regarded as having such an interest in the land as entitled him to see to its proper disposition in accordance with the contract, and when so disposed of, to share in the profits. And to this extent the appellant was properly held by

the judgment of the court below as a trustee. (*Settembre* v. *Putnam*, 30 Cal. 490; *Seymour* v. *Freer*, 8 Wall. 202.)

There are a number of other authorities referred to by counsel for appellant on this point, but the facts in the cases cited are so dissimilar as to render them of no weight.

Finally, it is contended that the complaint is bad because it does not allege fraud on the part of the appellant, and because it is not shown that the appellant had received more than he had paid out. The right to an accounting in a case of this kind does not rest upon fraud, and no such allegation is necessary in the complaint. Nor was it necessary for the appellant to allege that such an amount had been realized as entitled him to a share of the profits thereof. The very object of an accounting may be, and frequently is, to ascertain how much has been realized and expended, so as to determine whether the *cestui que trust* is entitled to payment.

The case of *Coward* v. *Clanton*, 79 Cal. 23, is not in point. There the court below rendered a judgment against the defendant for a share of the profits, when no profits had been realized, and we held the judgment to be erroneous.

In this case there was no personal judgment in favor of the plaintiff. The judgment simply confirmed the account taken, which showed the state of the trust at that time, and showed that he was *not* entitled to recover a personal judgment. But this did not affect his right to the accounting when the trustee had denied the trust.

Judgment affirmed.

Fox, J., and PATERSON, J., concurred.

Hearing in Bank denied.