[S. F. 928. In Bank.—December 20, 1898.]

## ALEXANDER JACKSON, Respondent, v. PUGET SOUND LUMBER COMPANY et al., Appellants.

REFERENCE—COURT COMMISSIONER—RESIGNATION—POWER TO REPORT.—The transfer of an action for money had and received with a counterclaim for goods sold and delivered, made pursuant to the stipulation of the parties, to a person named and designated as "court commissioner," for an accounting, and requiring "said court commissioner" to report the evidence, and the balance due on the accounting, is, in effect, a reference to the person named under section 638 of the Code; and the power of the referee to report is unaffected by his prior resignation of the office of court commissioner.

ID.—POWER OF COURT COMMISSIONER.—A court commissioner as such has no power to try any issue of fact raised by the pleadings.

ID.—INTENTION OF PARTIES AS TO REFERENCE—TRIAL OF ISSUES.—Where the parties acted under the stipulation and order, and tried the whole case before the court commissioner precisely as it should have been tried before a referee, it is to be held that they intended a reference.

ID.—CONSTRUCTION OF STIPULATION AND ORDER.—The stipulation of the parties, and the order of the court following its language, are to be construed in the same sense, and so as to make them lawful and effective; and any language involving an absurdity, and any phrase or clause inconsistent with the object and intention of the parties, is to be rejected.

ID.—FINDING OF REFEREE—SUFFICIENCY OF EVIDENCE.—The finding of the referee will not be disturbed for insufficiency of the evidence, where it is conflicting, confused, and uncertain, if there is any evidence to support it.

ID.—EVIDENCE—MUTUAL ACCOUNTS—TRANSACTIONS PRIOR TO PERIOD OF LIMITATION.—It is not error, in settling the mutual accounts of the parties of long standing, to allow evidence of transactions occurring more than two years before the commencement of the action, where it appears that the amount of the claim allowed accrued within the two years' limitation, and no error or injury resulted in the statement of the account.

APPEAL from a judgment of the Superior Court of Fresno County. E. W. Risley, Judge.

The facts are stated in the opinion of the court.

L. L. Cory, for Appellants.

George E. Church, for Respondent.

CXXIII. CAL.—7

BEATTY, C. J.—This is an action for money had and received to the use of plaintiff. Defendants denied the allegations of the complaint and pleaded a counterclaim for goods sold and delivered. Such being the issue, and the whole issue, made by the pleadings, the superior court, upon and in accordance with a stipulation of the parties, made and entered the following order in the case: "It is ordered that this action be and it is hereby transferred to Stuart S. Wright, court commissioner, for an accounting; said court commissioner to report back to this court the evidence taken, and the balance found due on said accounting." In pursuance of this order, the parties appeared before Mr. Wright and submitted evidence as to their mutual demands. Various objections were made to offered evidence, but none were ruled upon by the commissioner, the evidence being admitted subject to the objections which were reserved for consideration of the court upon the final hearing. After the matters in controversy before the commissioner were submitted for decision, he resigned the office of court commissioner, and subsequently reported findings of fact and conclusions of law to the effect that the defendants had received to the use of plaintiff the sum of thirteen hundred dollars, no part of which had been paid; and that plaintiff was entitled to a judgment for that sum, together with interest and costs.

The superior court adopted this report, and, without notice to defendants, rendered and entered a judgment accordingly. The defendants thereupon filed exceptions to the report upon the grounds that it was against the evidence, that errors had been committed by the commissioner in his rulings at the trial, and that he had ceased to be commissioner before he made or filed his findings. The defendant at the same time gave notice of a motion to set aside and annul the report and judgment, upon the grounds that Wright had ceased to be court commissioner before he made his report, and that the judgment had been prematurely and improvidently entered without notice to them, and before they had any opportunity to file their objections or be heard in their support. At the hearing of this motion the principal controversy seems to have been upon the question as to the capacity in which Wright had dealt with the case—whether as court commissioner with only the powers conferred by section

259 of the Code of Civil Procedure, or as a referee appointed under section 638 of the same code. The court held that he had acted as referee, and that his resignation of the office of court commissioner left his power to report upon the matters' referred to him unaffected. But the court at the same time held that he had exceeded his powers in reporting findings and conclusions, and therefore vacated the judgment as being without findings to support it, and also set aside the report as to all matters except the finding of a balance due to plaintiff on the accounting of thirteen hundred dollars and interest—with a direction to the parties to take such further steps in the case as they might be advised. Thereupon plaintiff gave notice of a motion for a further hearing of the cause before the court, for the adoption of the findings of the referee, and for further findings covering all the issues in the case. This motion was regularly brought to a hearing upon the report of the referee, and upon all the papers, files, minutes and proceedings in the action, and, neither party having any further testimony to offer, the court made and filed its findings and conclusions of law covering all the issues in the case, and in accordance therewith rendered a judgment in favor of the plaintiff for thirteen hundred dollars and costs, which was duly entered. From the judgment so entered the defendants within sixty days after its rendition took this appeal.

The principal contention of the appellants here, as in the superior court, is that Mr. Wright acted in the case, not as referee, but simply as court commissioner, and consequently that his authority ceased on his resignation of that office.

The mere language of the order of reference may give some countenance to this proposition, but the consequence of holding that no authority was conferred upon Mr. Wright by such order beyond that which he could exercise by virtue of his office of court commissioner is, not that his authority to report ceased upon his resignation, but that it never existed—in other words, that the order was from the beginning absolutely void, and the agreement of the parties upon which it was founded utterly vain and futile. For the settlement of the account of the parties in this case covered the entire issue made by the pleadings, and a court commissioner, as such, has no power to try any issue of fact raised by the pleadings. (Code Civ. Proc., sec. 259, subd. 2.)

Therefore the order transferring this case to Mr. Wright for an accounting had the effect of constituting him a referee or it had no effect at all, and since the order was made in the terms of the agreement of the parties, with a view to carry out the purpose of that agreement, and must consequently be construed as the agreement itself would be construed, the contention of appellants amounts simply to this: that the court must hold that they deliberately entered into a contract without meaning or effect.

But such a construction of a contract is forbidden by fundamental rules. "A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable and capable of being carried into effect, if it can be done without violating the intention of the parties." (Civ. Code, sec. 1643.)

The intention of these parties clearly was to have their mutual claims determined and the balance ascertained by Mr. Wright. This is shown not only by the terms of their agreement, but by their action under it. They introduced evidence covering the whole issue, and based their objections to evidence upon their construction of the pleadings as to the nature of the issue. In other words, they tried the case before Mr. Wright precisely as it should have been tried before a referee. It certainly is not doing violence to the intention of the parties, therefore, to hold that they intended a reference.

The only argument by which the appellants seek to uphold a different conclusion is founded upon the literal terms of the order. It is conceded that the words "court commissioner" where they first occur in the order may be regarded as merely *descriptio personae*, but the direction to "said court commissioner" to report, et cetera, is supposed to indicate an intention on the part of the court and parties to limit his powers to those conferred by the statute. (Code Civ. Proc., sec. 259.)

But the language of a contract governs its interpretation only so far as it is clear and explicit *and does not involve an absurdity.* (Civ. Code, sec. 1638.) Language involving an absurdity is rejected, and so is any phrase or clause which is inconsistent with the object and intention of the parties. (Civ. Code, secs. 1650, 1652, 1653.)

The cases in which repugnant and inconsistent clauses have

been rejected in the construction of contracts and statutes are innumerable, and in many instances words have been supplied which were obviously necessary to give effect to the intention of parties or the legislature. There is no different rule for the interpretation of a court order, especially where it is made in pursuance of a stipulation, for in such case it would be absurd to construe the stipulation in one sense and the order in another and inconsistent sense.

Our conclusion is that in this case Mr. Wright acted as a referee under section 638 of the Code of Civil Procedure, and that his authority being derived from the order appointing him and not from the statute defining the duties and powers of court commissioner, his resignation of that office did not impair in any degree his authority to make a valid finding upon the issue referred to him.

This conclusion renders it necessary that we should consider the errors assigned upon the rulings and findings of the referee.

As to the alleged insufficiency of the evidence to sustain the finding of a balance of thirteen hundred dollars due from the defendants to the plaintiff, it appears very clearly that the defendants collected for plaintiff many thousands of dollars on account of certain building contracts performed by him. Against these collections they offered evidence—much of it undisputed—of large payments to subcontractors, employees, and other creditors of plaintiff, as well as the sale and delivery of a large quantity of lumber used by him in fulfilling his contracts. These were disputed, however, as to the amount of lumber delivered, and the price at which it was contracted, and also as to certain cash payments. The evidence is certainly not very satisfactory, for it is conflicting, confused, and uncertain, but we cannot say that it is insufficient to support the finding.

The only other point made by appellants is upon the alleged error of the referee in allowing evidence of transactions occurring more than two years prior to the commencement of the action. There was no error in this. The account between the parties had been running a long time. The defendants were shown to have received to the use of the plaintiff much more than the amount claimed within two years prior to the commencement of the action, and some account of the earlier deal-

ings between them may have been necessary to an adjustment of the counter-charges. It does not appear that the evidence objected to could have done any injury or resulted in any error in the statement of the account.

The judgment of the superior court is affirmed.

Henshaw, J., Temple, J., McFarland, J., Garoutte, J., and Harrison, J., concurred.