[Civ. No. 7196. Second Appellate District, Division One.—March 30, 1932.]

ASSOCIATED SALES COMPANY, INC. (a Corporation), Respondent, v. ELMER E. FROST & COMPANY, etc., et al., Appellants.

Louis Lamy and Mose Katzev for Appellants.

John F. Clark and Hal R. Clark for Respondent.

TAPPAAN, J., *pro tem.*—This is an appeal from a judgment in plaintiff's favor. The cause of action as joined involved an accounting between the parties, and the trial court referred the matter to a referee, to be "heard, tried and determined". Pursuant to this order, hearings were had and the referee made and filed her report and findings with the court. Thereafter, and on the date fixed for the hearing of said referee's report, appellants presented to the court exceptions to said report, and after a hearing thereon, the court refused to modify the referee's report and ordered judgment in accordance therewith. Appellants state their position on this appeal in the following language: "The defendants appeal from said judgment, and ask for a review by this Court of the trial Court's action in refusing to modify the Referee's report." Although the record presented here is somewhat meager, there can be no doubt, after an examination of the order of reference, and the report and

findings of the referee, that the order of reference was general in its nature, and under the provisions of section 644 of the Code of Civil Procedure, ''The finding of the referee or commissioner upon the whole issue must stand as the finding of the court, and upon the filing of the finding with the clerk of the court, judgment may be entered thereon in the same manner as if the action had been tried by the court.'' (*Lewis* v. *Grunberg*, 205 Cal. 158, 162 [270 Pac. 181, 182].) The finding made by the referee in so far as it is material here, was a finding of fact. From an examination of appellants' specifications of error it appears that their objection was that the finding was unsupported by the evidence. From an examination of the evidence as presented in the bills of exceptions, there is found evidence supporting all of the questioned matters. ''The evidence is certainly not very satisfactory, for it is conflicting, confused, and uncertain, but we cannot say that it is insufficient to support the finding.'' (*Jackson* v. *Puget Sound Lumber Co.*, 123 Cal. 97, 101 [55 Pac. 788, 790].)

Appellants contend that as to certain commissions allowed in the account, these same commissions had been adjudicated in a former action between the same parties in the municipal court. That action was one in claim and delivery brought by the respondent as plaintiff to recover certain furniture held by appellant. A cross-complaint for storage was stricken. Judgment went for plaintiff. A proposed bill of exceptions in the claim and delivery case stated: ''That said commissions claimed by plaintiff were allowed by the Court to be offset against the claim of the defendants for storage lien.'' The only attempt made by appellants to identify these commissions thus referred to with the commissions allowed in the account by the referee, was made at the time of the hearing on the report by the court, when appellants introduced two affidavits, both on information and belief, and both averring that the judge of the municipal court considered the same commissions in rendering his judgment. Affidavits upon information and belief, especially where the sources of the information are readily obtainable, as was the case here, but were not brought forward, have but weak probative force. (*Higgins* v. *City of San Diego*, 126 Cal. 303, 314 [58 Pac. 700, 59 Pac. 209].) A question of fact was presented. At best appellants have

shown but a conflict in the evidence. ■ What has been said in reference to the matter of the commissions applies with equal force to appellants' contention that there was an account stated at some time between the parties. The record shows beyond question that any settlement made was conditional in nature and lacked that certainty of amount that is vital to the very existence of an account stated.

For the foregoing reasons the judgment appealed from is affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 20, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 26, 1932.