[Civ. No. 18668. Second Dist., Div. Two. Dec. 30, 1952.]

SIDNEY STAMLER, Respondent, v. JANE REED KISSINGER et al., Appellants.

Reynolds, Painter & Cherniss for Appellants.

Ernest C. Griffith and Oscar W. Fehsel for Respondent.

McCOMB, J.—Defendants appeal from a judgment in favor of plaintiff after trial before the court without a jury in an action for an accounting of the assets, receipts, disbursements and net profits of a joint venture. There is also a purported appeal from the order denying a new trial.

*Facts*: The evidence being viewed in the light most favorable to plaintiff (respondent) discloses that plaintiff and defendants entered into a joint venture agreement on March 19, 1947. Plaintiff, a subdivider and general building contractor, owned a tract of land containing 19 lots. Defendant Kissinger was a building contractor. Defendant Nu-Mode Homes, Ltd., was a partnership composed of Kissinger, Hayes and Deethardt engaged in the business of constructing dwelling houses.

Under the joint venture agreement of March 19, 1947, plaintiff agreed to deliver the tract fully improved, ready for building, to the venture at an agreed total price to him of $33,250. He also agreed to submit the tract and building program to a lending institution for approval of construction loans and also for F.H.A. He was to retain title to the lots until sold but agreed to sign all trust deeds and necessary papers for completion of construction loans. When all

the lots were sold and after payment of costs and deductions, the net profits were to be divided equally.

Nu-Mode agreed to erect and deliver the units upon a cost plus 10 per cent basis and to employ the services of Kissinger and Hayes in connection therewith. After the joint venture agreement had been executed, the three individual defendants on November 5, 1947, entered into an agreement with Kissinger & Hayes Corporation reading in part as follows:

"1st. That the second party hereto (Kissinger & Hayes, Inc.) take and hold title to said building lots, *for first parties hereto* from the said Sidney Stamler for the total consideration of $31,824.00 for which the second party agrees to execute trust deeds in like amount in favor of said Sidney Stamler, said trust deeds to be drawn in accordance with escrow instructions at the Bank of America in Burbank and to contain release clauses on a basis of $1750.00 per lot plus a charge of $18.00 per lot for water meter installation, making a total payment of $1768.00 for each release.

"2nd. That the first parties hereto engage second party *to act for said first parties* to arrange construction loans, necessary bank or other loans and to build and complete all of the 18 houses in accordance with the plans and specifications as prepared by and agreed upon by the parties of the first part.

"3rd. That the second party hereto agrees to keep an account of the net cost of said dwellings and to such cost the following charges are authorized to be collected and retained by the party of the second part for their reimbursement: for compensation insurance, withholding tax and social security 1½ per cent of building net cost; for overhead and office expense $75.00 per house; for supervision and building overhead $200.00 per house, for all additional money advanced by party of the second part necessary to the completion of said building, said amount to bear interest at the rate of 6 per cent, said interest to be figured on only the amounts advanced and the length of time in use.

"4th. That after the within conditions are complied with, all such dwellings be offered for sale or for rent as may be determined and that *all profits from either source be equally distributed to the first parties, namely George E. Deethardt one-third interest, George Hayes one-third interest and Jane Reed Kissinger one-third interest.*

"5th. That in the event sale of these or any of these dwellings do not bring in sufficient cash to (1) pay for the lots in full to Stamler, (2) pay to the party of the second part in full for the construction costs, (3) reimburse party of the second part in full for any moneys advanced, then said party of the second part to retain title to all said properties not otherwise deeded until sufficient cash has been received to discharge the above outlined obligations, after which all net profits are to be distributed either in cash or in kind as may be agreed upon at that time." (Italics added.)

Defendants on December 12, 1949, repudiated their agreement with plaintiff by refusing to give him an accounting.

After trial the court found the facts set forth above and that plaintiff was entitled to an accounting and ordered the same to be taken.

■ *Questions*: First: *Was there substantial evidence to sustain the trial court's findings?*

*Yes.* We have examined the record and find substantial evidence to sustain each and every finding of fact upon which the trial court's decree was predicated. In addition to the written evidence of the agreement, plaintiff gave direct testimony in support of the questioned findings. We must of course disregard conflicting evidence and evidence of defendants contrary to that of plaintiff. A detailed statement of the evidence here would serve no useful purpose. (See *Thatch* v. *Livingston*, 13 Cal.App.2d 202, 203 [56 P.2d 549].)

■ Second: *Was there substantial evidence to sustain the trial court's finding that the joint venture agreement between the parties had not been rescinded and abrogated?*

*Yes.* Plaintiff gave direct testimony which sustains the trial court's finding that the original agreement had not been abrogated or rescinded, and that any changes were simply minor modifications of the original agreement assented to by the parties.

*Bendien* v. *Solov*, 89 Cal.App.2d 904 [202 P.2d 372], merely held that there was substantial evidence to sustain the trial court's finding.

*Tucker* v. *Schumacher*, 90 Cal.App.2d 71 [202 P.2d 327], falls in the same category. Whether or not the original contract had been modified by an executed oral agreement, abrogated or rescinded, was a question of fact for the determination of the trial court whose findings, supported as they were in the present case by substantial evidence, are conclusive on appeal.

 Third: *Was Kissinger & Hayes Corporation an indispensable party to this action?*

*No.* From the portions of the agreement between defendants and the corporation set forth *supra,* it is apparent that the corporation was merely the agent of defendants and that it had nothing to do with the joint venture agreement between plaintiff and defendants. Therefore it was not an indispensable party to this action.

 Fourth: *Was plaintiff entitled to an accounting?*

*Yes.* Defendants on December 12, 1949, repudiated their agreement with plaintiff. Thereupon plaintiff became entitled to an accounting and it is immaterial that there may have been no profits arising from the venture. (*Green* v. *Brooks,* 81 Cal. 328, 333 [22 P. 849].) It is obvious that only by taking an accounting is it possible to determine whether or not there were profits.

The purported appeal from the order denying a new trial is dismissed because such order is nonappealable.

Judgment affirmed.

Moore, P. J., and Fox, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 26, 1953. Schauer, J., was of the opinion that the petition should be granted.