[Civ. No. 21973.   Second Dist., Div. One.   Oct. 7, 1957.]

SIDNEY STAMLER, Respondent, v. JANE REED KISSINGER et al., Appellants.

Dolley, Jessen & Painter and Louis Miller for Appellants.

Ernest C. Griffith and Oscar W. Fehsel for Respondent.

DRAPEAU, J. pro tem.*—This is the second appeal in this case.

In the first appeal it was held that there was substantial evidence to support facts found by the superior court upon which a judgment ex contractu was affirmed for plaintiff, leaving the amount due him to be determined by a referee. (*Stamler* v. *Kissinger*, 115 Cal.App.2d 171 [251 P.2d 709].) The facts will be found stated in the opinion of this court in that case.

This appeal is from a judgment based upon the referee's report to the superior court that defendants owed plaintiff $13,167.28.

The trial judge approved the referee's findings, after hearing defendants' objections to them; and denied a motion for a new trial.

Defendants assert two grounds of appeal: First, that the evidence was insufficient to support the judgment based upon the referee's findings, "for any sum in excess of $875.34." Secondly, that it was error for the court to allow interest from the time of the commencement of the action.

Neither ground of appeal is well taken.

There is considerable argument in the briefs concerning facts found by the trial court in the original decision as affirmed by this court; and also as to evidence before the referee, upon which it is contended that a different balance should have been found.

This court has given little consideration to the argument about the findings in the original decision, because it is well settled that these findings, as approved by this court,

---

*Assigned by Chairman of Judicial Council.

are the law of the case. (*Allen* v. *California Mutual B. & L. Assn.,* 22 Cal.2d 474, 481 [139 P.2d 321]; 4 Cal.Jur.2d 591.)

The referee's findings are based upon conflicting evidence, the judge heard and denied defendants' objections to them; and there is ample evidence in the record to sustain them.

■ A reviewing court will not ordinarily set aside referees' findings, approved by a trial court. (*Jackson* v. *Puget Sound Lbr. Co.,* 123 Cal. 97 [55 P. 788]; *Ritchie, Osgood & Co.* v. *Bradshaw & Co.,* 5 Cal. 228, 229; *cf. In re De La Roi,* 27 Cal. 2d 354 [164 P.2d 10].)

Turning now to the question of interest.

■ The action was commenced after defendants had built and sold houses upon a tract of land owned by plaintiff. The contract between plaintiff and defendants provided, among other things, that defendants would pay plaintiff one-half of the net profits after the houses were sold.

Defendants did not deny the allegations in plaintiff's complaint that the houses had been sold and that no part of the profits had been paid to him. Therefore, it was right for the trial court to order interest from the date of commencement of the action.

■ The law awards interest upon an obligation if its time of payment and its sum are certain or ascertainable. (Civ. Code, § 3287; *Perry* v. *Magneson,* 207 Cal. 617, 622 [279 P. 650].)

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.