[Civ. No. 51654. First Dist., Div. One. Sept. 4, 1981.]

ROBERT EMMETT CURTIN, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

COUNSEL

George Deukmejian, Attorney General, and Gordon Zane, Deputy Attorney General, for Defendant and Appellant.

Phillip M. Millspaugh for Plaintiff and Respondent.

OPINION

**ELKINGTON, Acting P. J.**—The state's Department of Motor Vehicles (Department) appeals from a judgment of the superior court granting, in part, the "administrative mandamus" petition (Code Civ. Proc., § 1094.5) of Robert Emmett Curtin, whose automobile driver's license had been suspended by the Department under the provisions of Vehicle Code section 13353.

Vehicle Code section 13353 provides that the Department shall suspend for six months, the driver's license of any person "lawfully arrested for any offense allegedly committed while . . . driving a motor vehicle under the influence of intoxicating liquor," who, under stated circumstances, refuses to submit to a "blood, breath, or urine" test of his body's alcohol content.

Curtin was such a person, and the Department had suspended his driver's license for the statutory six-month period (hereafter the instant suspension). He sought to have the instant suspension set aside by the above-noted Code of Civil Procedure section 1094.5 petition. While those proceedings were pending he received a communication from the Department concerning a wholly unrelated previous license suspension, as follows: "The suspension of your driving privilege is ended. The sus-

pension of your driving privilege was a departmental error and it is set aside."

At the time that the previous suspension (hereafter the erroneous suspension) was set aside it had been in effect five months. Curtin promptly, upon leave of court, amended his petition for the writ, seeking such further equitable relief to which he might be entitled by virtue of the erroneous suspension. .

Following an appropriate hearing, the superior court found no error of the Department in relation to the proceedings leading to the instant suspension, but nevertheless ordered *equitable* relief by its judgment, directing the Department to give Curtin "five months credit" thereon because of the erroneous suspension. It is that judgment from which the Department has appealed.

The Department contends that the superior court (1) mistakenly considered evidence of the erroneous suspension, and (2) was without "jurisdiction" or "discretion" to modify the statutory term of the instant suspension.

Code of Civil Procedure section 1094.5, subdivision (e), as amended 1978, provides: "Where the court finds that there is *relevant evidence which, in the exercise of reasonable diligence, could not have been produced . . . at the hearing before respondent,* . . . in cases in which the court is authorized by law to exercise its *independent judgment on the evidence,* the court may admit such evidence at the hearing on the writ without remanding the case." (Italics added.) It is notable that the above rule will apply upon section 1094.5 mandate proceedings, "*whether the independent judgment test or the substantial evidence test is employed*" by the superior court. (*State of California* v. *Superior Court* (1974) 12 Cal.3d 237, 257 [115 Cal.Rptr. 497, 524 P.2d 1281], italics added; and see *City of Fairfield* v. *Superior Court* (1975) 14 Cal.3d 768, 771-772, 776-777 [122 Cal.Rptr. 543, 537 P.2d 375]; *Kate' School* v. *Department of Health* (1979) 94 Cal.App.3d 606, 616 [156 Cal. Rptr. 529]; *Windigo Mills* v. *Unemployment Ins. Appeals Bd.* (1979) 92 Cal.App.3d 586, 596-597 [155 Cal.Rptr. 63]; *Hand* v. *Board of Examiners* (1977) 66 Cal.App.3d 605, 616-617 [136 Cal.Rptr. 187]; *Mobil Oil Corp.* v. *Superior Court* (1976) 59 Cal.App.3d 293, 306 [130 Cal.Rptr. 814].)

Manifestly, evidence of the belated conclusion of the Department that it had erred "could not have been produced . . . at [its] hearing" on the instant suspension.

Another question is whether evidence of the erroneous suspension was *"relevant"* to the issues of the superior court mandate proceedings on the instant suspension.

■ One's entitlement to a writ of mandate is largely controlled by *equitable principles. (Duncan Townsite Co. v. Lane* (1917) 245 U.S. 308, 312 [62 L.Ed. 309, 38 S.Ct. 99]; *Dare v. Bd. of Medical Examiners* (1943) 21 Cal.2d 790, 795 [136 P.2d 304]; *Dierssen v. Civil Service Commission* (1941) 43 Cal.App.2d 53, 57 [110 P.2d 513]; *Hutchison v. Reclamation Dist. No. 1619* (1927) 81 Cal.App. 427, 433 [254 P. 606].) The same equitable principles will apply to administrative mandamus, as here, under Code of Civil Procedure section 1094.5. (*Windigo Mills v. Unemployment Ins. Appeals Bd., supra,* 92 Cal. App.3d 586, 596; *Venice Canals Resident Home Owners Assn. v. Superior Court* (1977) 72 Cal.App.3d 675, 679 [140 Cal.Rptr. 361]; *Grant v. Board of Medical Examiners* (1965) 232 Cal.App.2d 820, 826-827 [43 Cal.Rptr. 270].)

It is undeniably true that under any reasonable concept, right and justice would be defeated by the erroneous suspension of Curtin's driver's license. ■ And it is a basic principle of our jurisprudence, at least in the absence of some transcendent public interest, that *equity* "'will assert itself in those situations where right and justice would be defeated but for its intervention.'" (*Satterfield v. Garmire* (1967) 65 Cal.2d 638, 645 [56 Cal.Rptr. 102, 422 P.2d 990]; *Farrell v. County of Placer* (1944) 23 Cal.2d 624, 628 [145 P.2d 570, 153 A.L.R. 323]; *Estate of Vargas* (1974) 36 Cal.App.3d 714, 718 [111 Cal.Rptr. 779].)

"'[E]quity . . . act[s] *in personam'*" (*Mills v. Mills* (1956) 147 Cal. App.2d 107, 117 [305 P.2d 61]), and its intervention will be granted, or withheld, in the exercise of judicial discretion (*Fairchild v. Raines* (1944) 24 Cal.2d 818, 826 [151 P.2d 260]), according to the facts and circumstances of the case (*Walkerly v. Bacon* (1890) 85 Cal. 137, 141 [24 P. 638]; *Butler v. Holman* (1956) 146 Cal.App.2d 22, 26 [303 P.2d 573] [cert. den., 353 U.S. 903 (1 L.Ed.2d 723, 77 S.Ct. 718)].)

■ "'It has always been the pride of courts of equity that they will so mold and adjust their decrees as to award substantial justice according to the requirements of the varying complications that may be pre-

sented to them for adjudication.'" (*Times-Mirror Co.* v. *Superior Court* (1935) 3 Cal.2d 309, 331 [44 P.2d 547]); "Equity is not limited in the scope or type of relief which may be granted. Its decrees are molded in accordance with the exigencies of each case and the rights of the persons over whom it has acquired jurisdiction." (*People* ex rel. *Mosk* v. *National Research Co. of Cal.* (1962) 201 Cal.App.2d 765, 775 [20 Cal.Rptr. 516]); and where the facts of the case "are without reported precedent, such lack is no deterrent to equitable relief" (*MacFarlane* v. *Peters* (1980) 103 Cal.App.3d 627, 632 [163 Cal.Rptr. 655]).

We are of the opinion that right and justice demand that, where reasonably possible, a guiltless person should not suffer driver's license suspension because of an erroneous official act of the state. We discern no rational public purpose to the contrary. And where such punishment has been imposed, it seems proper, under the above-noted authority, that it be ameliorated to the extent reasonably possible.

■ We accordingly hold that evidence of the erroneous suspension of Curtin's driver's license was relevant (see Evid. Code, § 210) to the equitable issues before the superior court.

But nevertheless, as pointed out by the Department on a petition for rehearing, the record before the superior court may reasonably be interpreted as disclosing that—"during the period of the erroneous 5 month suspension for violation of section 13352, Vehicle Code; the licensee was concurrently serving a six month suspension for another violation of section 13353, Vehicle Code"—a matter seemingly overlooked by the court.

It would, we think, comport with justice and equity to reverse the judgment and remand the cause to the superior court for further consideration of the record and the equitable issue presented.

The judgment is reversed; the cause is remanded to the superior court for such further proceedings as are not inconsistent with what we have here stated.

Newsom, J., and Grodin, J., concurred.