[No. C000788. Third Dist. Nov. 6, 1989.]

JOHN N. BACH et al., Cross-complainants and Appellants, v.
COUNTY OF BUTTE et al., Cross-defendants and Respondents.

**COUNSEL**

John N. Bach, in pro. per., for Cross-complainants and Appellants.

Philip B. Price, Price, Price, Brown & Halsey, Michael Bishop, Matheny, Poidmore & Sears, Quentin L. Kopp, Thomas M. Di Franco, William F. Fitzgerald, Kopp & Di Franco, Robert S. Willet and Hefner, Stark & Marois for Cross-defendants and Respondents.

**OPINION**

**SCOTLAND, J.**—John N. Bach and Janet L. Bach (Bachs) appeal from the judgment entered by the trial court following the opinion and decision of this court in *County of Butte* v. *Bach* (1985) 172 Cal.App.3d 848 [218 Cal.Rptr. 613] (*Bach I*). Having set forth the facts of this case in full in *Bach I*, we only briefly summarize them here.

The Bachs own a single-family residence located at 895 Lorinda Lane, Chico, California. The property is part of the Lindo Manor subdivision which is situated within the unincorporated area of Butte County on the outskirts of the City of Chico. The subdivision is zoned for single-family residential use (R-1). This litigation originated in 1980, when the County of Butte filed a complaint to enforce its zoning regulation prohibiting Mr. Bach from operating a law practice at the Lorinda Lane residence. The Bachs cross-complained for damages alleging that the zoning regulation and its enforcement violated their federal civil rights. The Bachs named as cross-defendants the Board of Supervisors of Butte County, Supervisor Hilda Wheeler, the office of the county counsel and several residents of the Lindo Manor subdivision (neighbors) who allegedly conspired with the county defendants to violate the Bachs' civil rights. The neighbors, in turn, cross-complained to enjoin the disputed use of the property as a violation of the covenants, conditions and restrictions (C, C & Rs) of the Lindo Manor subdivision.

Following a hybrid court and jury trial, the jury returned a verdict in the amount of $650,962 against all cross-defendants on the Bachs' federal civil rights claim. However, the trial court granted motions brought by the neighbors and the county counsel for judgment notwithstanding the verdict. The trial court denied the neighbors' request for injunctive relief, finding it inequitable to enforce the C, C & Rs in view of the change in the use of the real property in the vicinity of the Lindo Manor subdivision. The court found valid the zoning regulation which the county sought to enforce but granted only partial relief on the county's request for injunctive relief. Finding that the county failed to prove the Bachs did not reside on the subject premises, the court granted an injunction which permitted John Bach to continue his law practice at the Lorinda Lane residence under the "home occupation" provisions of the county's zoning ordinance, but prohibited him from employing in this enterprise any person who did not reside on the premises. The neighbors were awarded their costs and, as prevailing litigants in a federal civil rights action, also were awarded attorney's fees pursuant to 42 United States Code section 1988. The Bachs' request for an award of attorney's fees was denied on the ground that a pro se litigant should not be allowed to recover such an award.

All parties, with the exception of the office of the county counsel, appealed from the judgment of the trial court. This court, for the reasons expressed in its opinion: (1) reversed the award of damages to the Bachs on their federal civil rights cross-complaint against the board of supervisors and Supervisor Wheeler and directed that judgment be entered in favor of all cross-defendants; (2) reversed the trial court's denial of injunctive relief to the neighbors and directed that such relief be accorded; (3) directed that

the injunction awarded by the trial court to the county be modified to enjoin the Bachs from conducting a law practice on the premises; and (4) affirmed the trial court's award of costs and attorney's fees to the neighbors and its denial of attorney's fees to the Bachs. (*County of Butte* v. *Bach, supra*, 172 Cal.App.3d at pp. 870-871.)

A remittitur was issued on December 31, 1985, and filed with the trial court on January 3, 1986. Thereafter, the County of Butte and its board of supervisors, Supervisor Wheeler and the neighbors filed with the trial court a memorandum of costs on appeal. The Bachs filed motions to tax costs, which the trial court denied in a written opinion filed April 9, 1986.

A judgment was prepared by the county incorporating the trial court's award of costs on appeal, enjoining the Bachs from using the premises as a law office or for other business purposes, and awarding attorney's fees to the neighbors as the prevailing parties in the Bachs' federal civil rights cross-complaint. A noticed motion for entry of judgment was filed. The Bachs opposed the motion, contending that the decision in *Bach I* no longer was controlling because of changed circumstances in the neighborhood and that the Bachs were entitled to an evidentiary hearing to consider the effect of such changes prior to judgment being entered. The trial court denied the Bachs' request and granted the motion to enter judgment. Judgment was entered on September 5, 1986.

On appeal, the Bachs contend the trial court erred by denying their request for an evidentiary hearing and claim that the trial court was without jurisdiction to enter judgment because no at-issue memorandum had been filed. In addition, the Bachs contend that the United States Supreme Court's decision in *First Lutheran Church* v. *County of Los Angeles* (1987) 482 U.S. 304 [96 L.Ed.2d 250, 107 S.Ct. 2378] compels reversal of *Bach I*; the terms of the injunction were overly broad; the Bachs' motion to tax costs was erroneously denied; and the award of attorney's fees to the neighbors on the federal civil rights cross-complaint was improper.

Respondents, the County of Butte, its board of supervisors, Supervisor Wheeler and the neighbors, retort that this "is simply a poorly disguised attempt to reargue substantive issues settled by [*Bach I*]" and ask this court to sanction the Bachs for bringing a frivolous appeal.[1]

For the reasons set forth in this opinion, we reject the Bachs' contentions and affirm the judgment. As to respondents' request for sanctions, we issued

---

[1] At oral argument, counsel for the County of Butte and its board of supervisors was under the impression that these parties had not requested sanctions. However, such a request was, in fact, included in their brief.

an order to show cause why sanctions should not be imposed, and a hearing was held following oral argument of this appeal. We find that the Bachs' appeal is frivolous and impose sanctions against John N. Bach, *qua* attorney for appellants, in the amount of $17,500 to be paid as directed in this opinion.

DISCUSSION

I

The Bachs opposed respondents' motion for entry of judgment following issuance of the remittitur in *Bach I*, contending that the trial court was compelled to conduct an evidentiary hearing to consider changes which purportedly had occurred within the Lindo Manor subdivision and in the vicinity directly outside the subdivision between the time of trial and issuance of the remittitur.[2] According to the Bachs, " . . . the decision of the Court of Appeal, Third Appellate District, is no longer controlling or to be applied blindly but requires and necessitates a further trial and hearing upon the current uses of the properties, areas and uses thereof, adjacent to and impacting the subject property and Lorinda Lane." The Bachs assert that the trial court's entry of judgment without holding such an evidentiary hearing violated their rights to due process of law, equal protection and equity. We disagree.

It is a well-established principle frequently announced by appellate courts that, "When a cause is remanded with directions to enter a particular judgment, it is the duty of the trial court to enter judgment in conformity with the order of the appellate court, and that order is decisive of the character of the judgment to which the appellant is entitled. The lower court cannot reopen the case on the facts, allow the filing of amended or supplemental pleadings, nor retry the case, and, if it should do so, the judgment rendered therein would be void." (*Snoffer* v. *City of Los Angeles* (1936) 14 Cal.App.2d 650, 653 [58 P.2d 961]; see also *Hampton* v. *Superior*

---

[2] The Bachs' opposition to the motion for entry of judgment was supported solely by the declaration of John Bach which asserted that the area had experienced further commercial and business development, such as the expansion of an automobile dealership across the street from the Bachs' property, the establishment of several new businesses "to the north of the subject property," and further "commercial, business and multi-living developemtns [*sic*] along East Avenue, Pillsbury, within a radius of one-half to one mile of the subject property." Bach also claimed that the traffic along Cohasset Road had increased considerably, the City of Chico had repaved Cohasset adding a continuous left turn lane between East and Burnap Avenues, and a traffic study called for the widening of Cohasset to seven or more lanes "which would probably result in the condemnation of [the Bachs'] property." Traffic allegedly had increased on the streets within the subdivision as well, and two bus stops had been added on Cohasset Road.

*Court* (1952) 38 Cal.2d 652, 655-656 [242 P.2d 1]; *No Oil, Inc.* v. *City of Los Angeles* (1984) 153 Cal.App.3d 998, 1004 [200 Cal.Rptr. 768]; *Carter* v. *Superior Court* (1950) 96 Cal.App.2d 388, 391 [215 P.2d 491]; *Lial* v. *Superior Court* (1933) 133 Cal.App. 31, 33-34 [23 P.2d 795].)

*Bach I* concluded with the following directive to the trial court: "The judgment's award of damages to the Bachs is reversed with directions that judgment be awarded in favor of all cross-defendants on the Bachs' federal civil rights cross-complaint. Insofar as the judgment denies injunctive relief to the County of Butte against use of the subject property for law office purposes, it is reversed and the matter is remanded for further proceedings consistent with the views expressed in this opinion. The judgment's denial of injunctive relief to the neighbors on their cause of action for violation of the restrictive covenant is reversed with the direction that such relief be accorded. With those exceptions the judgment and orders after judgment which are subjects of this appeal are affirmed." (*County of Butte* v. *Bach, supra,* 172 Cal.App.3d at pp. 870-871.)

As is readily apparent from the wording of *Bach I,* the decision did not direct the trial court to retry this case. Nor did it direct or authorize the trial court to make further factual determinations regarding "the current uses of the properties, areas and uses thereof adjacent to and impacting the subject property and Lorinda Lane," as urged by the Bachs.

The Bachs' contention that they were entitled to this evidentiary hearing apparently is based on that portion of the *Bach I* decision which reversed the judgment on Butte County's request for injunctive relief and remanded the matter "for further proceedings consistent with this opinion." However, language remanding a matter for further proceedings consistent with the decision must be read in conjunction with the appellate opinion as a whole in order to determine the effect of the opinion on remand. (*Eldridge* v. *Burns* (1982) 136 Cal.App.3d 907, 917-918 [186 Cal.Rptr. 784].)

As we explained in *Bach I,* the Bachs' property was located in an R-1 residential zone. Under the Butte County zoning ordinance, the only use of right in an R-1 zone is that of a single-family dwelling. However, the zoning ordinance contains a "home occupation" exception permitting a single family dwelling to be used for a professional office provided employment in such enterprise is restricted to members of the family who reside on the premises. The trial court found that John Bach resided at the Lorinda Lane property within the meaning of the "home occupation" exception. Accordingly, the trial court granted an injunction permitting John Bach to continue his law practice at said property but enjoining him from employ-

ing persons who do not reside on the premises. On appeal, the county argued that the trial court misconstrued the definition of the phrase "residing on the premises" contained in the zoning ordinance. Upon considering the purpose of the home occupation exception, we held ". . . that a person whose residential use of a house is so disproportioned to its commercial use is not 'residing on the premises' within the meaning of . . . the Butte County zoning ordinance." (*County of Butte* v. *Bach, supra,* 172 Cal.App.3d at pp. 865-866.) Applying this principle to the undisputed facts elicited at trial regarding John Bach's use of the property, *Bach I* held that the trial court erred as a matter of law in failing to enjoin Bach from conducting a law practice on the premises. (*Ibid.*)

Read in conjunction with the appellate opinion as a whole, the *Bach I* remand for further proceedings simply directed the trial court to vacate the injunction it previously issued and ordered the court to issue a new injunction consistent with the *Bach I* opinion, i.e., enjoining the Bachs from using the Lorinda Lane property as a law office. The opinion did not direct or authorize the trial court to hold the evidentiary hearing sought by the Bachs.

The Bachs cite *Curtin* v. *Department of Motor Vehicles*\* (Cal.App.), *Barber* v. *LeRoy* (1974) 40 Cal.App.3d 336 [115 Cal.Rptr. 272], and *Kuzinich* v. *County of Santa Clara* (9th Cir. 1982) 689 F.2d 1345 to support their contention that they were entitled to an evidentiary hearing on changed circumstances prior to entry of judgment. However, these decisions have no application to this case.

We initially note that the Bachs have miscited *Curtin*. A rehearing was granted, and the opinion now appears at 123 Cal.App.3d 481. Although the passages cited by the Bachs are retained in the opinion issued after rehearing, they are of no assistance to the Bachs.

In *Curtin,* plaintiff's driver's license was suspended for six months by the Department of Motor Vehicles (DMV) because he refused to take an alcohol test after being arrested for driving under the influence of alcohol. Curtin filed a petition for administrative mandamus in the superior court seeking to set aside the suspension. While the proceeding was pending, DMV set aside Curtin's *previous* license suspension because it had resulted from departmental error. Curtin promptly amended his petition to seek equitable relief to which he might be entitled by virtue of the earlier, erroneous suspension. Although the superior court found no DMV error in con-

---

\*Reporter's Note: Rehearing granted September 1, 1981; for the subsequent opinion, see *Curtin* v. *Department of Motor Vehicles* (1981) 123 Cal.App.3d 481 [176 Cal.Rptr. 690].

nection with the challenged suspension, as a matter of equity the court directed DMV to deduct five months from the suspension to make up for the time Curtin's license previously had been suspended due to DMV's error. The department appealed, contending that the trial court was without jurisdiction or discretion to modify the term of the suspension. The appellate court disagreed, finding that principles of equity authorized the superior court to modify the suspension. Nevertheless, the judgment was reversed and remanded for further proceedings because the superior court "seemingly overlooked" evidence which may have disclosed that Curtin was concurrently serving *another* license suspension during the erroneous five-month suspension. (*Curtin* v. *Department of Motor Vehicles, supra,* 123 Cal.App.3d at p. 486.)

*Curtin* contains a description of general equitable principles which the Bachs have quoted in their brief. However, the Bachs have failed to explain how these principles apply to this case, which is so factually dissimiliar that any comparison between it and *Curtin* is meaningless. In *Curtin,* equity was applied to correct punishment erroneously imposed by the state. Here, there was no erroneous state action which equity was compelled to correct. The County of Butte sought an injunction to enforce a zoning regulation which had been duly adopted by its governing body and which both the trial court and this court found valid in all respects.

Similarly, the Bachs have failed to explain how *Barber* v. *LeRoy, supra,* 40 Cal.App.3d 336, has any application to this case; and we are unable to discern any relevance to the issue before us, i.e., the authority of the trial court to conduct an evidentiary hearing following issuance of a remittitur by the appellate court.

In *Kuzinich* v. *County of Santa Clara, supra,* 689 F.2d 1345, the plaintiff appealed from summary judgment granted in favor of the defendant. The Ninth Circuit reversed, finding that because differing factual inferences could be drawn from the record, the defendant was not entitled to judgment as a matter of law. Again, the Bachs have failed to explain, and we are unable to discern, how *Kuzinich* has any relevance to this appeal.

As previously noted, *Bach I* did not direct or authorize the trial court to hold the evidentiary hearing requested by the Bachs. To the contrary, the trial court was prohibited from reopening the case on the facts, allowing the filing of amended or supplementary pleadings, or retrying the case. (*Snoffer* v. *City of Los Angeles, supra,* 14 Cal.App.2d at p. 653.) Accordingly, the trial court did not err in denying the request for an evidentiary hearing and entering judgment in accordance with the directive in *Bach I.*

## II

The Bachs further contend that the trial court was without jurisdiction to enter judgment following the issuance of the remittitur since no party had filed an at-issue memorandum. This argument is totally meritless.

▮ *Bach I* did not remand the case for a new trial. Therefore, there was no need for any party to file an at-issue memorandum. Moreover, filing an at-issue memorandum is not required to invoke the jurisdiction of the superior court. California Rules of Court, rule 209 requires litigants to file an at-issue memorandum in order to place the case on the civil active list before setting it for trial. This filing is required as part of the superior court's internal procedures to manage the scheduling of civil trials and is not a prerequisite to jurisdiction.

## III

The injunction issued by the trial court after remand provided that: "John N. Bach and Janet L. Bach, their successors in interest, agents, employees, representatives, and all persons acting in concert or participating with them, shall be and are hereby enjoined and restrained from engaging in, committing, or performing directly or indirectly, by any means whatsoever, the following acts: use of the property at and commonly known as 895 Lorinda Lane (sometimes known as 2575 Cohasset), Chico, California, as a law office or for law office purposes or for any other business purposes or pursuits."

▮ The Bachs contend the terms of this injunction enjoining the use of their property "for any other business purpose or pursuits" violates the home occupation provision of the Butte County zoning ordinance and precludes all uses of the property. The Bachs raise this issue for the first time on appeal despite having had ample opportunity to object to the form of this injunction before it was entered by the trial court. During oral argument on the motion for entry of judgment, their sole objection to the form of the judgment was its inclusion of an award of costs on appeal to the other parties.

Since the objection now asserted was not registered in the trial court, the point cannot be raised for the first time on appeal. (*Leeper* v. *Nelson* (1956) 139 Cal.App.2d 65, 69 [293 P.2d 111].) Moreover, the language of the injunction is consistent with the holding and directive of *Bach I.*

## IV

The Bachs also contend that the judgment should be reversed because *Bach I* was wrongly decided and they are entitled to an evidentiary hearing

to accord them "not only their due process rights but their Fifth Amendment rights to just or due compensation." Citing *First Lutheran Church* v. *County of Los Angeles, supra*, 482 U.S. 304, the Bachs argue that *Bach I* "either declined or chose not to decide said constitutional and/or civil rights issues" thus this court is now "duty bound to address and resolve said constitutional and civil rights issues in [the Bachs'] favor."

Once again, a case cited by the Bachs is irrelevant to this appeal. *First Lutheran Church* held that where a regulation takes all use of one's property, the property owner is entitled to just compensation under the Fifth Amendment for the period before the courts finally determine that the regulation effects a "taking" of the property. The Supreme Court found that a temporary taking which denies a property owner all use of the property is no different than a permanent taking, and that no subsequent action by the government, such as amending or withdrawing the challenged regulation, can relieve the government of the duty to provide compensation for the period during which the taking was effective. (*First Lutheran Church* v. *County of Los Angeles, supra,* 482 U.S. at pp. 315, 318, 319-322 [96 L.Ed.2d at pp. 264, 266, 267-268].)

The *First Lutheran Church* holding has no application here because, prior to this appeal, the Bachs never asserted that the Butte County zoning regulation effected a taking of their property under the Fifth Amendment. No claim for inverse condemnation was tendered during the original trial proceedings, on appeal in *Bach I*, or in the trial court on remand following issuance of the remittitur in *Bach I*. Rather, the Bachs have chosen to raise this issue for the first time in this appeal.

■ It is elementary that an appellate court is confined in its review to the proceedings which took place in the trial court. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 250, p. 256.) Accordingly, when a matter was not tendered in the trial court, "It is improper to set [it] forth in briefs or oral argument, and [it] is outside the scope of review." (*Ibid.*)

During oral argument, the Bachs acknowledged that they did not expressly plead a cause of action for inverse condemnation and did not specifically present that issue at trial for a determination by the trier of fact. Nevertheless, without citing any supporting authority, they suggest that, in effect, they raised the issue in the trial court because an inverse condemnation claim was subsumed in their civil rights action. We are unpersuaded by this disingenuous contention. At most, the Bachs' cross-complaint alleged that the Butte County Board of Supervisors, Supervisor Wheeler and the neighbors had conspired to enforce a purportedly discriminatory zoning ordinance as a sham to obstruct Mr. Bach's ability to practice law. This

pleading clearly did not encompass an inverse condemnation claim. (Cf. *Baker* v. *Burbank-Glendale-Pasadena Airport Authority* (1985) 39 Cal.3d 862, 866-868 [218 Cal.Rptr. 293, 705 P.2d 866]; 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 641, pp. 91-92.) The fallacy of the Bachs' contention at oral argument is further illustrated by the fact that the Bachs claim they effectively asserted an inverse condemnation action against the neighbors as well as the county board of supervisors. ■ However, it is elementary that an inverse condemnation action—being based upon the taking or damaging of property for public use without just compensation—requires state action and, therefore, cannot be asserted against private parties. (*Ibid.*)

As the respondents properly note, the contention discussed here is simply an ill-conceived, frivolous attempt to reargue the merits of issues which this court decided in *Bach I*.

## V

The remittitur awarding costs to the prevailing parties was filed with the trial court on January 3, 1986. At that time, Code of Civil Procedure sections 1033 (hereafter section 1033) and 1034 (hereafter section 1034) contained the requirements for claiming such costs.[3] Section 1034 provided, in pertinent part: "Whenever costs are awarded to a party by an appellate court, if the party claims such costs, the party must, within 30 days after the remittitur is filed with the clerk below, serve upon the adverse party and file with such clerk a memorandum of costs, verified as prescribed by Section 1033 . . . ." Section 1033 provided that the requisite verification may be made " . . . by the oath of the party, or his or her attorney or agent, or by the clerk of his attorney, stating that to the best of his or her knowledge and belief the items are correct, and that the disbursements have been necessarily incurred in the action or proceeding." Section 1033 also provided: "A party dissatisfied with the costs claimed may, within 10 days after the service of a copy of the bill of costs, file a motion to have the same taxed."

The County of Butte and its board of supervisors, Supervisor Wheeler and the neighbors filed memoranda of costs on appeal within 30 days from the date the remittitur was filed in the superior court, thereby satisfying the requirements of section 1034. Each memorandum was verified by the party's attorney of record, and each recited the requisite oath contained in section 1033.

The Bachs claim the trial court's award of costs was improper since no "invoices, billings, or statements showing proof of any of the itmes [*sic*]

---

[3] Sections 1033 and 1034 were both repealed by Statutes 1986, chapter 377. The substance of these repealed sanctions now appears in California Rules of Court, rules 26(d) and 870.

claimed" were attached to the memorandum of costs on appeal filed by each of the parties. In so arguing, the Bachs have misrepresented the procedure parties must follow to claim their costs on appeal. ■ Sections 1033 and 1034 required only that the memorandum of costs on appeal be filed under verification by the party or its attorney. There was no requirement that copies of bills, invoices, statements or any other such documents be attached to the memorandum as the Bachs have erroneously suggested. To the contrary, a properly verified memorandum of costs is considered prima facie evidence that the costs listed in the memorandum were necessarily incurred. (*Wilson* v. *Board of Retirement* (1959) 176 Cal.App.2d 320, 323 [1 Cal.Rptr. 373].) Documentation must be submitted only when a party dissatisfied with the costs claimed in the memorandum challenges them by filing a motion to tax costs.

The Bachs further contend that the trial court's denial of their motion to tax costs was erroneous because the parties' documentation of claimed costs submitted in opposition to the motions to tax was not filed within the time specified by statute for filing the memorandum of costs on appeal. Once again, the Bachs misrepresent the procedure parties must follow to recover costs on appeal. As just explained, sections 1033 and 1034 only required the parties to submit a properly verified memorandum of costs on appeal within 30 days from the date of the remittitur's filing with the trial court. There was no additional requirement that supporting documentation of costs be submitted at the time such memoranda were filed. Only after such costs are challenged by a motion to tax do the parties need to justify their claims by submitting documentation of the costs they have incurred.

Since the respondents properly complied with the procedural requirements to recover costs on appeal, the trial court did not err in awarding said costs.

## VI

The Bachs' final contention challenges the trial court's award of attorney's fees under 42 United State Code section 1988 to the neighbors as prevailing parties on the federal civil rights cross-complaint.

The Bachs' assertion that the trial court's award of attorney's fees in the amount of $27,316 with interest was "wholly without merit or basis" is the same issue which they raised and we rejected in *Bach I*. ■ An appellate decision on the sufficiency and effect of trial court findings becomes the law of the case and must be adhered to throughout the subsequent progress of the case both in the trial court and on appeal. (*Ensher, Alexander & Barsoom, Inc.* v. *Ensher* (1964) 225 Cal.App.2d 318, 324 [37 Cal.Rptr. 327];

*Stamler* v. *Kissinger* (1957) 154 Cal.App.2d 239, 240-241 [315 P.2d 887]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 737, pp. 705-707.)

Since *Bach I* upheld the award of attorney's fees to the neighbors under 42 United States Code section 1988, the trial court was compelled to include said award in the judgment following remand. The Bachs' contention to the contrary is wholly frivolous.

VII

The County of Butte, its board of supervisors, Supervisor Hilda Wheeler, and neighbors Jack and Velta Lawry, Carl and Catherine Morton, Jean and Sally Liston, Dennis and Karen Mickelson, Bill and Myrna Smith, and Alan Dennison, individually and as a successor to the Estate of Mabel Dennison, have requested the imposition of monetary sanctions against the Bachs for prosecuting a frivolous appeal.

Under Code of Civil Procedure section 907, "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." California Rules of Court, rule 26(a) provides in pertinent part: "Where the appeal is frivolous or taken solely for the purpose of delay . . . the reviewing court may impose upon offending attorneys or parties such penalties, including the withholding or imposing of costs, as the circumstances of the case and the discouragement of like conduct in the future may require."

On September 7, 1989, this court issued an order to show cause why sanctions should not be imposed on John N. Bach and Janet L. Bach for bringing a frivolous appeal. The Bachs filed written opposition on October 2, 1989, and presented oral argument at the October 17 hearing on the order to show cause. In addition to asserting that their appeal is not frivolous, the Bachs oppose the imposition of sanctions on procedural grounds.

First, the Bachs contend this court does not have jurisdiction to impose sanctions because our order to show cause was not personally served on them. This claim has no merit. ▪ Once a party has submitted to the jurisdiction of the court, as the Bachs have done by filing this appeal, service of an order to show cause may be made by mail on the party's attorney. (*In re Morelli* (1970) 11 Cal.App.3d 819, 840 [91 Cal.Rptr. 72].) The Bachs appeared at the sanctions hearing and acknowledged that this court's order to show cause was served by certified mail at the law office of Mr. Bach, attorney for the parties. Accordingly, this court has jurisdiction over the Bachs to impose sanctions for a frivolous appeal.

The Bachs further contend that sanctions may not be imposed because they did not receive "proper notification or due process as to what portions of the current appeal are viewed by the Court as being a basis for a frivolous appeal." According to the Bachs, our order to show cause should have included a declaration or affidavit by the court. This contention, itself, is frivolous. The order to show cause clearly put the Bachs on notice that all of the issues raised in their appeal were subject to scrutiny and to a determination by this court as to whether each, and the appeal in its entirety, is frivolous. The Bachs were given fair warning and ample opportunity to be heard.

The standards for determining whether an appeal is frivolous are contained in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179]. *Flaherty* provides that an appeal may be found frivolous and sanctions imposed when (1) the appeal was prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment; or (2) the appeal indisputably has no merit, i.e., when any reasonable attorney would agree that the appeal is totally and completely without merit. (*Id.,* at p. 650.)

*Flaherty* cautions that "any definition [of a frivolous appeal] must be read so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal. Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal. An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions." (31 Cal.3d at p. 650.) This limitation has no application here. We can think of no reasonable legal analysis from which any of the arguments advanced by the Bachs in this appeal are arguably correct. To the contrary, as discussed in this opinion, each is totally devoid of merit.

The Bachs' contention that they were entitled to an evidentiary hearing before entry of judgment following issuance of the remittitur in *Bach I* is directly contrary to well-established law. In the trial court, they offered no authority to support a departure from existing law, and on appeal their brief is cursory and conclusionary. Simply stated, the Bachs present no meaningful substantive analysis which might indicate that their contention has some possible merit. It appears that, without much thought or analysis, the Bachs simply have woven a nonsensical argument around various legal principles plucked from holdings that are totally irrelevant to this appeal.

Their claim that the trial court lacked jurisdiction to enter the judgment since no at-issue memorandum had been filed is patently absurd. We can imagine no reasonable attorney arguing that failure to comply with a rule

promulgated for the administration and management of civil trials deprives the trial court of jurisdiction over a cause. Moreover, since this case had not been remanded for retrial, the Bachs' contention is even more ludicrous.

Challenging the wording of the injunction, the Bachs have attempted to raise on appeal a contention which they failed to assert in the trial court and which has no merit.

Similarly, in contending that *Bach I* was wrongly decided, the Bachs have improperly sought to relitigate issues decided against them in *Bach I* by arguing a claim which was not raised in the trial court.

In alleging that the trial court erroneously awarded costs on appeal, they raise a hollow argument that misrepresents a well-established procedure, used daily in trial courts throughout the state, for the recovery of costs.

Finally, in attacking the award of attorney's fees, the Bachs simply reargue the same issue which they raised and we rejected in *Bach I.*

Our review of the entire cause persuades us that the issues raised by the Bachs are entirely meritless and that no reasonable attorney familiar with the applicable law and the facts of this case would have pursued the present appeal. We are further compelled to conclude that John N. Bach's motive in taking this appeal as attorney for himself and his wife, the appellants herein, was for the improper purpose of delaying the resolution of this case. This motive is as easy to understand as it is difficult to hide. The Bachs were originally ordered in 1983 to pay respondent neighbors $27,316 in attorney's fees. The judgment entered by the trial court on September 5, 1986, incorporated this order and further directed the Bachs to pay costs in the amount of $23,624.33. By filing this frivolous appeal, the Bachs have avoided paying this judgment, totalling $50,940.33 plus interest, for nearly three years. During this period of time, the Bachs have retained the use of this money while respondents have been forced to incur additional attorney's fees and costs responding to this appeal.

"It is perhaps time that the courts, both trial and appellate, begin to speak and react more forcefully with respect to cases such as this one. Such an abuse of the legal system for no other purpose than to avoid paying a legitimate claim simply can no longer be tolerated. It is not fair to the opposing litigant who is victimized by such tactics and it is not fair to the greatly overworked judicial system itself or those citizens with legitimate disputes waiting patiently to use it. In those cases where such an abuse is present, an award of substantial sanctions is proper." (*National Secretarial*

*Service, Inc.* v. *Froehlich* (1989) 210 Cal.App.3d 510, 526 [258 Cal.Rptr. 506].)

Having given the Bachs notice by issuing an order to show cause why sanctions should not be imposed, and having afforded them an opportunity to respond both in writing and at a hearing following the oral argument of this case, we conclude that sanctions are in order for the Bachs' filing, for the improper purpose of delay, an appeal that "indisputably has no merit." Although our order to show cause was issued to both John N. Bach and Janet L. Bach, we find the sanctionable conduct attributable solely to Mr. Bach as attorney of record in this appeal.

We find Mr. Bach's actions in this case particularly egregious. Unlike the attorney laboring under professional responsibilities to advance all arguments on behalf of his client, Mr. Bach acted in pro se and sought to further his own interests by filing a clearly frivolous appeal. As pointed out by counsel for Supervisor Wheeler, "Appellant John N. Bach is a licensed attorney and thus, no dilemma exists for the *pro se* attorney herein to balance his 'oath of office . . . to urge his client's claims upon the court' and his 'obligation to the judicial system to refrain from prosecuting frivolous claims', as discussed by the California Supreme Court in *In re Marriage of Flaherty*."

"In determining the appropriate sanction relief, the underlying policy of Code of Civil Procedure section 907 should control. 'The object of imposing a penalty for frivolous appeal is twofold—to discourage the same, as well as to compensate to some extent for the loss which results from delay. [Citation.]' " (*National Secretarial Service, Inc.* v. *Froehlich, supra,* 210 Cal.App.3d at p. 526.)

Considering the complete lack of merit of the Bachs' appeal in this litigation which commenced nearly nine years ago, we assess John N. Bach, *qua* attorney for appellants, sanctions in the amount of $15,000 payable to respondents to compensate them for the expense and energy consumed in defending against this frivolous appeal. The sanctions due to respondents shall be payable by Mr. Bach to a client trust account administered by a party selected by respondents. The amount paid to each respondent from the trust fund shall be based upon that proportion of the total costs and attorney's fees paid by each respondent in connection with this appeal.

We further assess John N. Bach, *qua* attorney for appellants, sanctions in the amount of $2,500 payable to the clerk of this court to compensate for the expense of processing, reviewing and deciding a frivolous appeal. (See

*Finnie* v. *Town of Tiburon* (1988) 199 Cal.App.3d 1, 17 [244 Cal.Rptr. 581].)

 This opinion constitutes a written statement of our reasons for imposing sanctions as required by *In re Marriage of Flaherty, supra,* 31 Cal.3d at p. 654. (*Maple Properties* v. *Harris* (1984) 158 Cal.App.3d 997, 1012 [205 Cal.Rptr. 532].) Pursuant to the requirements of Business and Professions Code section 6089, subdivision (b), a copy of this opinion will be forwarded to the State Bar of California.

## DISPOSITION

The judgment of the trial court is affirmed. Sanctions in the amount of $17,500 to be paid as directed in this opinion, are imposed against John N. Bach, *qua* attorney for appellants, for pursuing a frivolous appeal. Respondents are awarded their costs on appeal.

Blease, Acting P. J., and Sims, J., concurred.