[No. B162016. Second Dist., Div. Five. Nov. 7, 2003.]

In re ALBERT G., a Minor. PATRICIA S., Appellant, v.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY
SERVICES, Respondent.

**COUNSEL**

Law Offices of Vincent W. Davis and Vincent W. Davis for Appellant.

Lloyd W. Pellman, County Counsel, and William D. Thetford, Deputy County Counsel, for Respondent.

**OPINION**

**ARMSTRONG, J.**—Albert G. was born in December of 1993. A Welfare and Institutions Code[1] section 300 petition was filed days later, alleging that his parents had physically abused his older brother Anthony G. and his stepbrother Alejandro D. The older children were put in dependency in Hawaii, where the family lived at the time the children were injured, but Albert was born here and the dependency was initiated here. In January 1994, DCFS[2] and the California courts placed Albert with his maternal aunt, appellant Patricia S. In September, Hawaii authorities placed Alejandro and Anthony with her as well, with respondent DCFS providing courtesy supervision.

DCFS's reports on Albert's placement were consistently favorable. As to Albert, parental rights were terminated in February of 1997. Patricia S. indicated that she wanted to adopt all three boys and DCFS made that recommendation. However, the adoption was delayed by Patricia S.'s divorce, and later by her concerns about the financial consequences of adopting. At times she indicated that she could not adopt the children or could not adopt all three, or could not adopt yet.

In July of 2001, with the adoption still not finalized, Patricia S. and the children were asked to leave the home of her parents, with whom they had been living. There apparently had been considerable friction between Patricia S. and her parents. Patricia S. sought DCFS's assistance in finding a new place to live. DCFS removed the children from her care and put them in foster care.

---

[1] All further statutory references are to that code unless otherwise indicated.

[2] That is, the Department of Children and Family Services.

Although the initial plan was reunification with Patricia S., DCFS received negative reports about Patricia S. from Albert's foster parents and took a negative view of her behavior vis-à-vis her parents, and by August was recommending against reunification services for her. DCFS returned the older children to Hawaii and recommended a new permanent plan for Albert, adoption or legal guardianship with his paternal grandparents, whom he had just begun to visit. In November, Albert was placed with his paternal grandparents and they became his legal guardians.

Patricia S. protested the removal of the boys, filing unsuccessful section 388 petitions and applications for de facto parent status. She also went to Hawaii and sought to adopt Alejandro and Anthony. The Hawaii courts found that California's allegations that she had abused and neglected the boys were unfounded. In April of 2002, she adopted those children.

On July 31, 2002, Albert was adopted by his paternal grandparents.

Appellant's last section 388 petition was filed on August 15, 2002. She asked that Albert be returned to her and that his permanent plan of adoption by her be reinstated. On August 19, dependency jurisdiction over Albert was terminated. On August 20, the court denied appellant's August 15 section 388 petition for several reasons, one of which was that the adoption had been finalized and jurisdiction terminated.

On this appeal, Patricia S. challenges Albert's July 2001 removal from her care and the trial court's denial of her August 15 section 388 petition.[3] Respondent filed a motion to dismiss the appeal on the ground that the appeal is moot in that no relief can be granted.

Respondent correctly relies on the principles we enunciated in *In re Jessica K.* (2000) 79 Cal.App.4th 1313 [94 Cal.Rptr.2d 798]. In that case, a mother filed a section 388 petition after reunification services were terminated. She asked that her child be returned to her. The petition was filed on March 31, 1999, and denied on April 9. Shortly thereafter, on June 3, parental rights were terminated. The mother appealed from denial of the section 388 petition, but not from termination of parental rights. We found that the appeal from the denial of the petition was moot because no effective relief could be granted, explaining that "mother's parental rights have been terminated and the order terminating parental rights is final. Because mother's parental rights cannot be restored even were we to agree with mother that the summary denial was an abuse of discretion, a hearing on mother's petition would be futile." (*Id.* at p. 1315.)

---

[3] Respondent's motion to strike the declaration appellant attached to her opposition to the motion to dismiss the appeal is granted. We do not consider evidence which was not before the trial court. (*Bach v. County of Butte* (1989) 215 Cal.App.3d 294, 306 [263 Cal.Rptr. 565].)

Here, Albert's adoption by his paternal grandparents was final before this appeal was filed, and indeed before the section 388 petition was filed. Albert's adoption meant the trial court could not grant the change appellant sought in her petition, and also means that there is no remedy we could grant on appeal. "After adoption, the adopted child and the adoptive parents shall sustain towards each other the legal relationship of parent and child and have all the rights and are subject to all the duties of that relationship." (Fam. Code, § 8616.) Albert cannot be removed from his adoptive parents on a section 388 petition. Instead, like every other child, he could only be removed under the procedures and with the showings required by section 300.

The trial court had no authority to grant the petition and return Albert to appellant. There is no possibility of effective relief on appeal. The matter is moot.

Appellant seeks to distinguish *Jessica K.* by arguing that there, the mother failed to appeal an order in that proceeding, that is, the order terminating her parental rights. In contrast, she argues, this case involved an order in another proceeding, one to which she was not a party, the adoption. Appellant is correct that the cases differ in that way, but we do not see that the differences change the result here. The adoption is now final, and there is no relief we can grant. We note, too, that although appellant was not a party to the adoption, and as a long-term caregiver rather than a parent had limited rights in the trial court, she had the ability to seek timely appellate relief through appeal of the denial of her earlier section 388 petitions and applications for de facto parent status.

Appellant also relies on *In re Hirenia C.* (1993) 18 Cal.App.4th 504 [22 Cal.Rptr.2d 443], quoting in particular that portion of the opinion which states that "In juvenile cases, when an issue raised in a timely notice of appeal continues to affect the rights of the child or the parents, the appeal is not necessarily rendered moot by the dismissal of the underlying dependency proceedings. [Citation.] Rather, the question of mootness must be decided on a case-by-case basis." (*Id.* at p. 517–518.) In *Hirenia C.,* the appellant sought the right to continue to visit a child she had once lived with. The child was adopted and dependency jurisdiction terminated after the petition for visitation rights was denied. The Court of Appeal found that despite the termination of jurisdiction, the trial court had the authority to enter an enforceable order for visits and thus that the matter was not moot. (*Id.* at p. 518.) We have no quarrel with the holding of *Hirenia C.,* but find that in this case, unlike that one, the trial court could grant no relief, and thus that this matter is moot. Due to our finding of mootness, appellant's motion to augment the record is denied.

## DISPOSITION

The appeal is dismissed as moot.

Turner, P. J., and Mosk, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 4, 2004. George, C. J., did not participate therein.