Filed 1/6/26  Marriage of Vellema CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re the Marriage of LUCIA and DAVID L. VELLEMA. | |
| LUCIA VELLEMA,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>DAVID L. VELLEMA,<br><br>    Defendant and Respondent. | G064676<br><br>(Super. Ct. No. 17D004849)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Thomas J. Lo, Judge. Dismissed in part, affirmed in part. Motion for sanctions. Denied. Request for Judicial Notice. Granted.

Lucia Vellema, in pro. per., for Plaintiff and Appellant.

David Vellema, in pro. per., for Defendant and Respondent.

\*        \*        \*

**INTRODUCTION**

David Vellema (David) and Lucia Vellema (Lucia)[1] were married in 1997. They separated in November 2016 and a judgment dissolving their marriage was entered in March 2020. At the time of dissolution, David and Lucia had one minor child (J.V.), who was born in June 2007.

Lucia purports to appeal from an order denying her request for an order granting her sole physical and legal custody of J.V. and awarding her attorney fees and support payments. Lucia's notice of appeal identifies only an order denying her subsequent motion for reconsideration as the order being appealed. An order denying reconsideration is not immediately appealable, and, therefore, we grant, in part, David's motion to dismiss the appeal. The order denying reconsideration also awarded David sanctions pursuant to Family Code section 271[2] in the amount $3,000, of which $2,500 was compensation for attorney's fees. An order awarding attorney's fees is immediately appealable. We conclude the family court did not err by imposing sanctions against Lucia and therefore affirm that part of the order.

David has filed a motion to impose sanctions against Lucia for bringing a frivolous appeal. Although we conclude Lucia's appeal is objectively frivolous, we decline to impose sanctions given the strict standards for imposing sanctions against a self–represented appellant.

**BACKGROUND**

The dissolution judgment granted David sole physical and legal custody of J.V. In February 2024, Lucia brought a request for order (motion)

---

[1] We refer to the parties by their first names for ease of reading and to avoid confusion, and not out of disrespect.

[2] All further statutory references are to the Family Code

granting her sole physical and legal custody of J.V. and awarding her attorney's fees and support payments. David opposed the motion. By minute order entered on July 31, 2024, the family court denied Lucia's motion. Lucia moved for reconsideration of that order. The family court denied Lucia's motion for reconsideration by minute order dated September 11, 2024. Lucia filed a timely notice of appeal.

## DISCUSSION

## I.

## Appealability

A. *An Order Denying a Motion for Reconsideration Is Not Appealable*

David filed a motion to dismiss the appeal on the ground Lucia appealed only from the order denying her motion for reconsideration, which is a nonappealable order. We grant the motion to dismiss in part.

The right to appeal is strictly governed by statute. (*In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 78.) "'[A] judgment or order is not appealable unless made so by statute.'" (*Warwick California Corp. v. Applied Underwriters, Inc.* (2020) 44 Cal.App.5th 67, 72.) Code of Civil Procedure section 1008, subdivision (g) states: "An order denying a motion for reconsideration . . . is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order."

Lucia did not appeal from the order denying her motion for sole physical and legal custody of J.V. For her notice of appeal, Lucia used Judicial Council Form APP-002. On line 1.b of that form, the appellant is asked to list the dates on which the judgment and "each order being

3

appealed" were entered. On line 1.b, Lucia wrote in a single date—September 11, 2024—the date of entry of the minute order denying her motion for reconsideration.

Lucia also prepared and submitted a civil case information statement using Judicial Council Form APP-004. On line 1.a of that form, the appellant is asked to mark a box indicating what is being appealed. Lucia marked the box for "an order or judgment under Code Civ. Proc., § 904.1(a)(3)-(13)." On line 2.a of the form, Lucia wrote in "9/11/24" as the date of entry of the order being appealed and on line 2.b wrote in "9/11/24" as the date on which "notice of entry of judgment" was served. Lucia attached to the civil case information statement a copy of the September 11, 2024 minute order denying her motion for reconsideration. She did not attach a copy of the July 31, 2024 minute order denying her request for order to grant her sole physical and legal custody of J.V.

"'An attempt to appeal from a nonappealable order does not give this court jurisdiction or authority to review it.' [Citation.] Consequently, it is the duty of the court to dismiss an appeal from an order that is not appealable." (*Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432.) We therefore dismiss Lucia's appeal from the order denying her motion for reconsideration, except for the part of the order awarding David sanctions.

B. *An Order Awarding Attorney's Fees Under Section 271 Is Appealable*

The family court, in addition to denying Lucia's motion for reconsideration, granted a request by David to have his social security number redacted from the moving papers and granted his request to impose sanctions of $3,000 against Lucia pursuant to section 271.

4

Section 271 authorizes the court to "base an award of attorney's fees and costs on the extent to which any conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys." (§ 271, subd. (a); see *In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1316.) )"].) Section 271, subdivision (a) states "[a]n award of attorney's fees and costs . . . is in the nature of a sanction." If we treat the sanctions awarded to David as attorney's fees, the order awarding them would be appealable. (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368; *George v. Shams–Shirazi* (2020) 45 Cal.App.5th 134, 139 ["An order awarding attorney fee sanctions under section 271 is an appealable order"].) If we treat the $3,000 in sanctions awarded to David as sanctions, the order granting them is not directly appealable because they are in an amount less than $5,000. (*In re Marriage of Freeman* (2005) 132 Cal.App.4th 1, 5, & fn. 4; see Code Civ. Proc., § 904.1, subd. (a)(12) [appealable order includes one that is taken "[f]rom an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds . . . $5,000"].)

In his declaration in response to Lucia's motion for reconsideration, David declared he anticipated incurring at least $2,500 in attorney's fees related to the motion for consideration. The family court awarded David $2,500 plus an additional $500 as a sanction against Lucia for revealing David's social security number in her moving papers. Thus, $2,500 of the sanctions are in effect attorney's fees, thereby making the order awarding them to be appealable. The order awarding David $500 as a sanction is not immediately appealable.

5

## II.
## The Family Court Did Not Error by Awarding David Attorney's Fees Under Section 271

"Section 271 "'authorizes sanctions to advance the policy of promoting settlement of litigation and encouraging cooperation of the litigants" and "does not require any actual injury." [Citation.] Litigants who flout that policy by engaging in conduct that increases litigation costs are subject to imposition of attorney fees and costs as a section 271 sanction.' [Citation.]" (*In re E.M.* (2014) 228 Cal.App.4th 828, 850, fn. omitted.)

A family court's discretionary authority to award sanctions under section 271 is broad. (*In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 122.) We review an order awarding sanctions for abuse of discretion. (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1225.) "Accordingly, we will overturn such an order only if, considering all of the evidence viewed most favorably in its support and indulging all reasonable inferences in its favor, no judge could reasonably make the order." (*Id.* at pp. 1225-1226.)

The family court found that Lucia's motion for reconsideration was not timely filed and failed to provide new facts or law to support reconsideration of the order denying Lucia request for full legal and physical custody of J.V. The motion for reconsideration was timely because it was filed on August 7, 2024, which was within ten days of July 31, 2024, the date of entry of the order denying Lucia's request for custody. (Code Civ. Proc., § 1008, subd. (a).) But Lucia's motion for reconsideration was indisputably without merit. Lucia's motion for reconsideration raised no "new or different facts, circumstances, or law" (*ibid.*), and her declaration in support of the motion simply restated claims and arguments she previously had presented to the trial court.

6

By bringing a baseless motion for reconsideration, Lucia increased litigation costs. (*In re E.M., supra*, 228 Cal.App.4th at p. 850.) The family court acted well within its discretion by imposing sanctions against her under section 271.

## III.

## David's Motion for Monetary Sanctions

David has brought a motion for monetary sanctions against Lucia on the ground her appeal is frivolous and, alternatively, on the ground she included in the record matter not reasonably material to the determination of the appeal and committed other unreasonable violations of the California Rules of Court. David requests $19,568 in attorney's fees and $847.50 in costs. We issued notice pursuant California Rules of Court, rule 8.276(c) that we were considering the imposition of sanctions against Lucia. In response, Lucia submitted opposition to David's motion for sanctions and a request for judicial notice.[3]

A Court of Appeal may impose monetary sanctions when it determines an appeal is frivolous. (Code Civ. Proc., § 907; Cal. Rules of Court, rule 8.276(a)(1); *In re Marriage of Flaherty* (1982) 31 Cal.3d 637; *National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 524-527.) An appeal is frivolous "when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of*

---

[3] Lucia requests we take judicial notice of the register of actions for her appeal. We grant the request and take notice of the register of actions in this matter as of November 24, 2025, the date of submission. (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).)

*Flaherty, supra*, 31 Cal.3d at p. 650.) The test for an improper motive is a subjective one; the test for lack of merit is objective. (*Id.* at p. 649.) As to lack of merit, "[t]he inquiry is not whether counsel acted in the honest belief it had grounds for appeal, but rather would any reasonable person agree that the appeal is completely devoid of merit, and thus frivolous." (*Malek Media Group, LLC v. AXQG Corp.* (2020) 58 Cal.App.5th 817, 834.)

Sanctions also may be imposed for any "unreasonable violation" of the rules of court governing civil appeals. (Cal. Rules of Court, rule 8.276(a)(4).) "We may impose monetary sanctions for '"any unreasonable infraction of the rules governing appeals . . . as the circumstances of the case and the discouragement of like conduct in the future may require."'" (*Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 29; see *Keitel v. Heubel* (2002) 103 Cal.App.4th 324, 340.)

We conclude that Lucia's appeal is totally and completely without merit. Lucia appealed from the order denying her motion for reconsideration which was, indisputably, a nonappealable order. She devoted her appellate briefs to challenging the order denying her motion for sole physical and legal custody of J.V., from which she did not appeal, and to rearguing and challenging matters and decisions from throughout the case that are unrelated to the challenged order. The order imposing $2,500 in attorney's fees under section 271 is appealable and properly before us. But as to those sanctions, Lucia does not argue her motion for reconsideration was justified or did not increase litigation costs. Instead, she argues the family court was sanctioning her for filing the motion for reconsideration, which, she erroneously claims, "is a precursor to filing an appeal."

In addition, Lucia did not provide us with an adequate record. (*In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 499.) She omitted from the

8

appellate record David's opposition papers to both her motion for sole custody and motion for reconsideration. She did not comply with rule 8.204(a)(1)(C) of the California Rules of Court, which requires factual propositions in appellate briefs to be supported by citations to the record.

As a self-represented litigant, Lucia is held to the same standards as attorneys and must follow the rules of appellate procedure. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) But appellate courts are reluctant to impose sanctions against self–represented appellants solely on the ground the appeal is objectively frivolous. (*Kabbe v. Miller* (1990) 226 Cal.App.3d 93, 98.) "We do not believe it is appropriate to hold a propria persona appellant to the standard of what a 'reasonable attorney' should know is frivolous unless and until that appellant becomes a persistent litigant." (*Ibid*.)

While courts have imposed sanctions against self–represented appellants, those appellants typically had legal backgrounds or substantial assets, or without question prosecuted the appeal for an improper purpose. (See, e.g., *Banks v. Dominican College* (1995) 35 Cal.App.4th 1545, 1559 [self–represented appellant had extensive legal background and substantial assets]; *Bach v. County of Butte* (1989) 215 Cal.App.3d 294, 310-313 [evidence established the self–represented litigant brought the appeal to delay resolution of the case]; *In re Marriage of Stich* (1985) 169 Cal.App.3d 64, 75-78 ["[e]very action" taken by self–represented appellant had been to delay making support payments].)

Nothing in the record suggests that Lucia has legal knowledge or substantial assets, or that she unquestionably prosecuted this appeal for an improper purpose. David argues Lucia's appeal is subjectively frivolous "given the messy and inadequate state of this record" and suggests her

motive is her inability to move beyond the past. More plausible to us is that Lucia believed the family court had erred in denying her motion for sole physical and legal custody and, having no legal knowledge or training, did not know whether her challenge to that order would be considered frivolous. She made the mistake made by many attorneys of appealing from the order denying her motion for reconsideration, which has led to the dismissal of the bulk of her appeal. Lucia is not yet a persistent litigant in this court, though she should consider herself on notice that in the future she might be held to the standard of what a reasonable attorney should know is frivolous. (See *Kabbe, supra*, 226 Cal.App.3d at p. 98.)

## DISPOSITION

The appeal is dismissed except for the appeal from the order imposing $2,500 in monetary sanctions against Lucia pursuant to section 271. The order imposing $2,500 in monetary sanctions against Lucia pursuant to section 271 is affirmed. David's motion for imposition of monetary sanctions is denied. David may recover costs on appeal.


SANCHEZ, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


MOORE, J.