Filed 1/11/21  P. v. Parga CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B300912 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA051048) |
| v. | |
| MICHAEL PARGA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Upinder S. Kalra, Judge.  Dismissed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

## MEMORANDUM OPINION

In 2004, Michael Parga pleaded no contest to one count of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)).  The court sentenced him to 16 months in prison.  The court also imposed a $200 restitution fine (Pen. Code, § 1202.4, subd. (b)) and a $200 parole revocation restitution fine (Pen. Code, § 1202.45).

Fifteen years later, in 2019, Parga filed a motion, in pro. per., to modify the restitution fines.  Parga argued the trial court erred by failing to state on the record its reasons for imposing the fines, and by failing to consider his ability to pay or whether the fines would impose a hardship on him.  As a result, he maintained, the court violated federal and state law, and the imposition of the fines constituted an unauthorized sentence.

The trial court refused to modify Parga's fines, explaining that it lacked jurisdiction to recall his sentence.  Alternatively, the court found Parga waived the issues raised in his motion by failing to make timely objections when the fines were imposed.

On appeal, Parga contends the restitution fines violate the Eighth Amendment's prohibition on excessive fines, as evidenced by the fact that they remain partially unpaid.  In response, the Attorney General contends we should dismiss the appeal given the trial court lacked jurisdiction to modify Parga's sentence. We agree with the Attorney General.

A trial court generally lacks jurisdiction to resentence a defendant—which includes modifying any restitution fines—after execution of the sentence has begun.  (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1204 (*Turrin*).)  There are, however, several exceptions to this rule.  A court may, for example, recall a sentence on its own motion within 120 days of committing the

defendant to prison.  (*Ibid*.; Pen. Code, § 1170, subd. (d).)  A court may also correct a clerical error or an unauthorized sentence at any time.  (*Turrin*, at p. 1205.)

Here, Parga filed his motion 15 years after he was sentenced, which was well after the execution of his sentence had begun and beyond the time the court was permitted to recall his sentence on its own motion.  Parga, moreover, does not claim the fines were clerical errors, and he now concedes his sentence was not unauthorized.  (See *People v. Avila* (2009) 46 Cal.4th 680, 729)  The trial court, therefore, lacked jurisdiction to grant Parga's request to modify his restitution fines.

Relying on *Curtin v. Department of Motor Vehicles* (1981) 123 Cal.App.3d 481, Parga insists the court had jurisdiction to modify the fines under "general equitable principles to grant relief . . . for a federal constitutional violation."  His reliance on *Curtin* is misplaced.  That case involved a petition for writ of mandate under Code of Civil Procedure section 1094.5, which sought to overturn an administrative decision by the Department of Motor Vehicles.  It has no application to a motion to modify a criminal sentence.

Because the trial court lacked jurisdiction to modify Parga's restitution fines, its order denying his motion for such relief is not appealable.  (*Turrin, supra*, 176 Cal.App.4th at p. 1208.)  The proper disposition under such circumstances is to dismiss the appeal.  (*Ibid*.; *People v. Mendez* (2012) 209 Cal.App.4th 32, 33–34.)

## DISPOSITION

The appeal is dismissed.


BIGELOW, P. J.

We Concur:


STRATTON, J.


WILEY, J.